ORIGINAL

1   LYNN HUBBARD, III, SBN 69773
2   SCOTTLYNN J HUBBARD, IV, SBN 212970
   **DISABLED ADVOCACY GROUP, APLC**
3   12 Williamsburg Lane
   Chico, CA 95926
4   Telephone: (530) 895-3252
   Facsimile: (530) 894-8244
5

6   Attorneys for Plaintiff

7

FILED

08 MAR 19 PM 4:01

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY                    DEPUTY

8

9         UNITED STATES DISTRICT COURT

10       SOUTHERN DISTRICT OF CALIFORNIA

11

12

13   BARBARA HUBBARD,

14       Plaintiff,

15     vs.

16   SEARS ROEBUCK & CO. dba

17   SEARS,

18       Defendant.

19

No. **'08 CV 5 1 4    J  POR**

**Plaintiff's Complaint**

20

21

22

23

24

25

26

27

28

*Hubbard v. Sears Roebuck & Co.*
Plaintiff's Complaint

Page 1



I. SUMMARY

1.    This is a civil rights action by plaintiff Barbara Hubbard ("Hubbard") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Sears
565 Broadway
Chula Vista, CA 91910
(hereafter "the Store")

2.    Hubbard seeks damages, injunctive and declaratory relief, attorney fees and costs, against Sears Roebuck & Co. dba Sears (hereinafter "Sears") pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

II. JURISDICTION

3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.    Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.    Hubbard's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

III. VENUE

6.    All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

IV. PARTIES

7.    Sears owns, operates, or leases the Store, and consists of a person (or persons), firm, or corporation.

8.    Hubbard has multiple conditions that affect one or more major life functions.  She requires the use of motorized wheelchair and a mobility-equipped

*Hubbard v. Sears Roebuck & Co.*
Plaintiff's Complaint

1  vehicle, when traveling about in public.  Consequently, Hubbard is "physically

2  disabled," as defined by all applicable California and United States laws, and a

3  member of the public whose rights are protected by these laws.

4                                   V. FACTS

5       9.      The Store is a sales or retail establishment, open to the public,

6  which is intended for nonresidential use and whose operation affects commerce.

7       10.     Hubbard visited the Store and encountered barriers (both physical

8  and intangible) that interfered with—if not outright denied—her ability to use

9  and enjoy the goods, services, privileges, and accommodations offered at the

10  facility.  To the extent known by Hubbard, the barriers at the Sears included, but

11  are not limited to, the following:

12  • The signage at the van accessible parking stall is not correct;

13  • The entrance doors require more than five pounds of force to operate;

14  • At least two entrance doors have door handles that are not accessible (they

15    are the "panel type");

16  • The coat hook on the interior of the restroom stall door is mounted too

17    high;

18  • There is no handle mounted below the lock on the interior of the stall

19    door;

20  • The side grab bar is not mounted twelve inches from the back wall;

21  • The toilet tissue dispenser is mounted too high and out of reach;

22  • The pipes underneath the lavatories are incorrectly wrapped or not

23    wrapped at all;

24  • There is insufficient strike side clearance on the pull side of the women's

25    restroom door;

26  • The drinking fountains do not provide the require clear floor and knee

27    space to access;

28

*Hubbard v. Sears Roebuck & Co.*
Plaintiff's Complaint

- There is incorrect signage at the entrance to the upstairs women's restroom;
- The toilet tissue dispenser encroaches into the clear floor space needed to access the water closet;
- The side grab bar is not mounted twelve inches from the back wall; and,
- The stall door is not self-closing.

These barriers prevented Hubbard from enjoying full and equal access.

11.    Hubbard was also deterred from visiting the Store because she knew that the Store's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as herself). She continues to be deterred from visiting the Store because of the future threats of injury created by these barriers.

12.    Hubbard also encountered barriers at the Store, which violate state and federal law, but were unrelated to her disability. Nothing within this Complaint, however, should be construed as an allegation that Hubbard is seeking to remove barriers unrelated to her disability.

13.    Sears knew that these elements and areas of the Store were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Sears has the financial resources to remove these barriers from the Store (without much difficulty or expense), and make the Store accessible to the physically disabled. To date, however, Sears refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14.    At all relevant times, Sears has possessed and enjoyed sufficient control and authority to modify the Store to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Sears has not removed such impediments and has not modified the Store to conform to accessibility standards. Sears has

*Hubbard v. Sears Roebuck & Co.*
Plaintiff's Complaint

Page 4

1    intentionally maintained the Store in its current condition and has intentionally

2    refrained from altering the Store so that it complies with the accessibility

3    standards.

4         15.    Hubbard further alleges that the (continued) presence of barriers at

5    the Store is so obvious as to establish Sears' discriminatory intent.[1]    On

6    information and belief, Hubbard avers that evidence of this discriminatory intent

7    includes Sears' refusal to adhere to relevant building standards; disregard for the

8    building plans and permits issued for the Store; conscientious decision to the

9    architectural layout (as it currently exists) at the Store; decision not to remove

10   barriers from the Store; and allowance that the Store continues to exist in its non-

11   compliant state.  Hubbard further alleges, on information and belief, that Sears is

12   not in the midst of a remodel, and that the barriers present at the Store are not

13   isolated (or temporary) interruptions in access due to maintenance or repairs.[2]

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

### Denial of "Full and Equal" Enjoyment and Use

16        16.    Hubbard incorporates the allegations contained in paragraphs 1

18   through 15 for this claim.

19        17.    Title III of the ADA holds as a "general rule" that no individual

20   shall be discriminated against on the basis of disability in the full and equal

21   enjoyment (or use) of goods, services, facilities, privileges, and accommodations

22   offered by any person who owns, operates, or leases a place of public

23   accommodation. 42 U.S.C. § 12182(a).

24        18.    Sears discriminated against Hubbard by denying "full and equal

25   enjoyment" and use of the goods, services, facilities, privileges or

26   accommodations of the Store during each visit and each incident of deterrence.

---

[1]    E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
[2]    Id.; 28 C.F.R. § 36.211(b)
*Hubbard v. Sears Roebuck & Co.*
Plaintiff's Complaint

Page 5

1

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

2      19.    The ADA specifically prohibits failing to remove architectural

3 barriers, which are structural in nature, in existing facilities where such removal

4 is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).    The term "readily

5 achievable" is defined as "easily accomplishable and able to be carried out

6 without much difficulty or expense." <u>Id.</u> § 12181(9).

7      20.    When an entity can demonstrate that removal of a barrier is not

8 readily achievable, a failure to make goods, services, facilities, or

9 accommodations available through alternative methods is also specifically

10 prohibited if these methods are readily achievable. <u>Id.</u> § 12182(b)(2)(A)(v).

11      21.    Here, Hubbard alleges that Sears can easily remove the architectural

12 barriers at the Store without much difficulty or expense, and that Sears violated

13 the ADA by failing to remove those barriers, when it was readily achievable to

14 do so.

15      22.    In the alternative, if it was not "readily achievable" for Sears to

16 remove the Store's barriers, then Sears violated the ADA by failing to make the

17 required services available through alternative methods, which are readily

18 achievable.

19

<u>Failure to Design and Construct an Accessible Facility</u>

20      23.    On information and belief, the Store was designed or constructed (or

21 both) after January 26, 1992—independently triggering access requirements

22 under Title III of the ADA.

23      24.    The ADA also prohibits designing and constructing facilities for

24 first occupancy after January 26, 1993, that aren't readily accessible to, and

25 usable by, individuals with disabilities when it was structurally practicable to do

26 so. 42 U.S.C. § 12183(a)(1).

27

28

*Hubbard v. Sears Roebuck & Co.*
Plaintiff's Complaint

25.    Here, Sears violated the ADA by designing or constructing (or both) the Store in a manner that was not readily accessible to the physically disabled public—including Hubbard—when it was structurally practical to do so.[3]

### Failure to Make an Altered Facility Accessible

26.    On information and belief, the Store was modified after January 26, 1992, independently triggering access requirements under the ADA.

27.    The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28.    Here, Sears altered the Store in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Hubbard—to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

29.    The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30.    Here, Sears violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Store, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

---

[3] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Hubbard v. Sears Roebuck & Co.*
Plaintiff's Complaint

1    31.    Hubbard seeks all relief available under the ADA (*i.e.*, injunctive

2    relief, attorney fees, costs, legal expense) for these aforementioned violations. 42

3    U.S.C. § 12205.

4    32.    Hubbard also seeks a finding from this Court (*i.e.,* declaratory

5    relief) that Sears violated the ADA in order to pursue damages under

6    California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM

### Disabled Persons Act

9    33.    Hubbard incorporates the allegations contained in paragraphs 1

10    through 30 for this claim.

11    34.    California Civil Code § 54 states, in part, that: Individuals with

12    disabilities have the same right as the general public to the full and free use of

13    the streets, sidewalks, walkways, public buildings and facilities, and other public

14    places.

15    35.    California Civil Code § 54.1 also states, in part, that: Individuals

16    with disabilities shall be entitled to full and equal access to accommodations,

17    facilities, telephone facilities, places of public accommodation, and other places

18    to which the general public is invited.

19    36.    Both sections specifically incorporate (by reference) an individual's

20    rights under the ADA. <u>See</u> Civil Code §§ 54(c) and 54.1(d).

21    37.    Here, Sears discriminated against the physically disabled public—

22    including Hubbard—by denying them full and equal access to the Store.  Sears

23    also violated Hubbard's rights under the ADA, and, therefore, infringed upon or

24    violated (or both) Hubbard's rights under the Disabled Persons Act.

25    38.    <u>For each offense</u> of the Disabled Persons Act, Hubbard seeks actual

26    damages (both general and special damages), statutory minimum damages of one

27    thousand dollars ($1,000), declaratory relief, and any other remedy available

28    under California Civil Code § 54.3.

*Hubbard v. Sears Roebuck & Co.*
Plaintiff's Complaint

1    39.    She also seeks to enjoin Sears from violating the Disabled Persons
2    Act (and ADA) under California Civil Code § 55, and to recover reasonable
3    attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

4                            VIII. THIRD CLAIM

5                          **Unruh Civil Rights Act**

6    40.    Hubbard incorporates the allegations contained in paragraphs 1
7    through 30 for this claim.

8    41.    California Civil Code § 51 states, in part, that: All persons within
9    the jurisdiction of this state are entitled to the full and equal accommodations,
10   advantages, facilities, privileges, or services in all business establishments of
11   every kind whatsoever.

12   42.    California Civil Code § 51.5 also states, in part, that: No business
13   establishment of any kind whatsoever shall discriminate against any person in
14   this state because of the disability of the person.

15   43.    California Civil Code § 51(f) specifically incorporates (by
16   reference) an individual's rights under the ADA into the Unruh Act.

17   44.    Sears' aforementioned acts and omissions denied the physically
18   disabled public—including Hubbard—full and equal accommodations,
19   advantages, facilities, privileges and services in a business establishment
20   (because of their physical disability).

21   45.    These acts and omissions (including the ones that violate the ADA)
22   denied, aided or incited a denial, or discriminated against Hubbard by violating
23   the Unruh Act.

24   46.    Hubbard was damaged by Sears' wrongful conduct, and seeks
25   statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

26   47.    Hubbard also seeks to enjoin Sears from violating the Unruh Act
27   (and ADA), and recover reasonable attorneys' fees and costs incurred under
28   California Civil Code § 52(a).

*Hubbard v. Sears Roebuck & Co.*
Plaintiff's Complaint

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48.    Hubbard incorporates the allegations contained in paragraphs 1 through 13 for this claim.

49.    Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

50.    Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51.    Hubbard alleges the Store is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Store was not exempt under Health and Safety Code § 19956.

52.    Sears' non-compliance with these requirements at the Store aggrieved (or potentially aggrieved) Hubbard and other persons with physical disabilities.  Accordingly, she seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Hubbard prays judgment against Sears for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.    Declaratory relief that Sears violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

*Hubbard v. Sears Roebuck & Co.*
Plaintiff's Complaint

1    4.    Attorneys' fees, litigation expenses, and costs of suit.[4]

2    5.    Interest at the legal rate from the date of the filing of this action.

3

4    DATED: March 18, 2008          DISABLED ADVOCACY GROUP, APLC

5

6    _____

7                                   LYNN HUBBARD, III
                                     Attorney for Plaintiff Barbara Hubbard
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[4]    This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
*Hubbard v. Sears Roebuck & Co.*
Plaintiff's Complaint

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 148949    — SH
* * C O P Y * *
March 19, 2008**
16:06:52

**Civ Fil Non-Pris**
USAO #.: 08CV0514
Judge..: NAPOLEON A JONES, JR
Amount.:                    $350.00 CK
Check#.: BC20603

**Total—>  $350.00**

FROM: HUBBARD V. SEARS

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| BARBARA HUBBARD | SEARS ROEBUCK & CO. dba SEARS |

**(b)** County of Residence of First Listed Plaintiff  SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
DISABLED ADVOCACY GROUP, APLC  (530) 895-3252
12 WILLIAMSBURG LANE CHICO, CA 95926

Attorneys (If Known)

'08 CV 514  J POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | **PERSONAL INJURY** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 362 Personal Injury - Med. Malpractice | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | | | |
| **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | | | |
| ☐ 441 Voting | **PRISONER PETITIONS** | | | |
| ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | | |
| ☐ 444 Welfare | ☐ 530 General | | | |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | |
| ☒ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | | | |
| ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12101, et seq.
Brief description of cause:
Ongoing violations of the ADA Construction Standards

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  03/18/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 148949  AMOUNT $350  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Seu 3/19/08



JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                                                        Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.