**EISENBERG RAIZMAN THURSTON & WONG LLP**
David H. Raizman (SBN 129407)
draizman@ertwllp.com
Elena S. Min (SBN 235065)
emin@ertwllp.com
10880 Wilshire Boulevard, Eleventh Floor
Los Angeles, California 90024
Telephone:  (310) 445-4400
Facsimile:   (310) 445-4410

Attorneys for Defendant
Sears, Roebuck and Co.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA HUBBARD,<br><br>            Plaintiff,<br><br>    vs.<br><br>SEARS ROEBUCK & CO. dba SEARS,<br><br>            Defendant. | Case No.  08CV514 J POR<br><br>**DEFENDANT SEARS, ROEBUCK AND CO.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Judge:  Hon. Napoleon A. Jones, Sr. |

  Defendant Sears, Roebuck and Co. ("Defendant"), by and through the undersigned counsel, responds to the Complaint filed by plaintiff Barbara Hubbard ("Plaintiff") as follows:

  1.  In response to paragraph 1 of the Complaint, Defendant admits that there is a Sears store located at 565 Broadway, Chula Vista, California 91910 (the "Store").  Defendant states that the other allegations in this paragraph speak for themselves, and on that basis denies all of the remianing allegations in this paragraph.

15292                                                                 DEFENDANT'S ANSWER TO COMPLAINT

2. In response to paragraph 2 of the Complaint, Defendant states that the relief sought by Plaintiff speaks for itself, but denies that Plaintiff is entitled to any such relief. Defendant denies each of the remaining allegations in this paragraph.

3. In response to paragraph 3 of the Complaint, Defendant admits that if there was a case or controversy, the Court would have jurisdiction over Plaintiff's claim for violation of the Americans with Disabilities Act of 1990 ("ADA"). Except as expressly admitted above, Defendant denies each of the remaining allegations in this paragraph.

4. In response to paragraph 4 of the Complaint, Defendant denies that this Court has supplemental jurisdiction as to the state law claims to the extent that Plaintiff does not have a viable ADA claim. Defendant also denies that this Court should or must exercise supplemental jurisdiction as to the state law claims. Defendant denies each of the remaining allegations in this paragraph.

5. In response to paragraph 5 of the Complaint, Defendant denies that Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202. Defendant denies each of the remaining allegations in this paragraph.

6. In response to paragraph 6 of the Complaint, Defendant admits that the real property that is the subject of this action is located within this judicial district. Defendant lacks adequate information to admit or deny whether Plaintiff's causes of action purportedly arose in this judicial district, and on that basis denies all such allegations. Except as expressly admitted above, Defendant denies each of the remaining allegations in this paragraph.

7. In response to paragraph 7 of the Complaint, Defendant admits that it owns and operates portions of the facility located at 565 Broadway, Chula Vista, California 91910. Defendant also admits that it is a corporation. Except as expressly admitted above, Defendant denies each of the remaining allegations in this paragraph.

8. In response to paragraph 8 of the Complaint, Defendant lacks adequate

information to admit or deny the allegations in this paragraph, and on that basis denies each of the allegations in this paragraph.

9. In response to paragraph 9 of the Complaint, Defendant admits that the Store is a sales or retail establishment, that portions of it are open to the public, that it is intended for nonresidential use and that its operations affect commerce. Except as expressly admitted above, Defendant denies each of the remaining allegations in this paragraph.

10. In response to paragraph 10 of the Complaint, Defendant lacks adequate information to admit or deny the allegation that Plaintiff visited the Store, and on that basis denies all such allegations in this paragraph. Defendant denies each of the remaining allegations in this paragraph.

11. In response to paragraph 11 of the Complaint, Defendant lacks adequate information to admit or deny the allegation that Plaintiff was deterred and continues to be deterred from visiting the Store, and on that basis denies all such allegations. Defendant denies each of the remaining allegations in this paragraph.

12. In response to paragraph 12 of the Complaint, Defendant states that Plaintiff's allegations regarding the relief she seeks speak for themselves, but denies Plaintiff is entitled to any such relief. Defendant denies each of the remaining allegations in this paragraph.

13. In response to paragraph 13 of the Complaint, Defendant denies each of the allegations in this paragraph.

14. In response to paragraph 14 of the Complaint, Defendant admits that it has control and authority to modify certain portions of the Store. Except as expressly admitted above, Defendant denies each of the remaining allegations in this paragraph.

15. In response to paragraph 15 of the Complaint, Defendant lacks adequate information to admit or deny, and on that basis denies that it was remodeling the Store as of March 19, 2008. Defendant denies each of the remaining

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd, Eleventh Floor
Los Angeles, California 90024

1 allegations in this paragraph.

2   16.   In response to paragraph 16 of the Complaint, Defendant responds to the allegations incorporated by reference in this paragraph in the precise manner in which the allegations were responded to in paragraph 1 through 15 above.

   17.   In response to paragraph 17 of the Complaint, Defendant states that the ADA speaks for itself, and on that basis denies Plaintiff's allegations as to the content of, and authority provided by, this statute to the extent inconsistent therewith. Defendant denies each of the remaining allegations in this paragraph.

   18.   In response to paragraph 18 of the Complaint, Defendant denies each of the allegations in this paragraph.

   19.   In response to paragraph 19 of the Complaint, Defendant states that the ADA speaks for itself, and on that basis denies Plaintiff's allegations as to the content of, and authority provided by, this statute to the extent inconsistent therewith. Defendant denies each of the remaining allegations in this paragraph.

   20.   In response to paragraph 20 of the Complaint, Defendant states that the ADA speaks for itself, and on that basis denies Plaintiff's allegations as to the content of, and authority provided by, this statute to the extent inconsistent therewith. Defendant denies each of the remaining allegations in this paragraph.

   21.   In response to paragraph 21 of the Complaint, Defendant denies each of the allegations in this paragraph.

   22.   In response to paragraph 22 of the Complaint, Defendant denies each of the allegations in this paragraph.

   23.   In response to paragraph 23 of the Complaint, Defendant lacks adequate information to admit or deny the allegation about the design and construction of the Store, and on that basis denies that the Store was designed and/or constructed after January 26, 1992. Defendant denies each of the remaining allegations in this paragraph.

   24.   In response to paragraph 24 of the Complaint, Defendant states that the

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd, Eleventh Floor
Los Angeles, California 90024

ADA speaks for itself, and on that basis denies Plaintiff's allegations as to the content of, and authority provided by, this statute to the extent inconsistent therewith. Defendant denies each of the remaining allegations in this paragraph.

25. In response to paragraph 25 of the Complaint, Defendant states that Plaintiff's allegation regarding the relief she seeks as contained in footnote 3 speaks for itself, but denies that Plaintiff is entitled to any such relief. Defendant denies each of the remaining allegations in this paragraph.

26. In response to paragraph 26 of the Complaint, Defendant lacks adequate information to admit or deny any allegation concerning whether the store was altered since January 26, 1992, and, if so, the date on which the Store was altered, and on that basis denies that the Store was altered after January 26, 1992. Defendant denies each of the remaining allegations in this paragraph.

27. In response to paragraph 27 of the Complaint, Defendant states that the ADA speaks for itself, and on that basis denies Plaintiff's allegations as to the content of, and authority provided by, this statute to the extent inconsistent therewith. Defendant denies each of the remaining allegations in this paragraph.

28. In response to paragraph 28 of the Complaint, Defendant denies each of the allegations in this paragraph.

29. In response to paragraph 29 of the Complaint, Defendant states that the ADA speaks for itself, and on that basis denies Plaintiff's allegations as to the content of, and authority provided by, this statute to the extent inconsistent therewith. Defendant denies each of the remaining allegations in this paragraph.

30. In response to paragraph 30 of the Complaint, Defendant denies each of the allegations in this paragraph.

31. In response to paragraph 31 of the Complaint, Defendant states that Plaintiff's prayer for relief is not subject to admission or denial, but denies that Plaintiff is entitled to any such relief. Defendant denies each of the remaining allegations in this paragraph.

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd, Eleventh Floor
Los Angeles, California 90024

32. In response to paragraph 32 of the Complaint, Defendant states that Plaintiff's prayer for relief is not subject to admission or denial, but denies that Plaintiff is entitled to any such relief. Defendant denies each of the remaining allegations in this paragraph.

33. In response to paragraph 33 of the Complaint, Defendant responds to the allegations incorporated by reference in this paragraph in the precise manner in which the allegations were responded to in paragraph 1 through 30 above.

34. In response to paragraph 34 of the Complaint, Defendant states that California Civil Code § 54 speaks for itself, and on that basis denies Plaintiff's allegations as to the content of, and authority provided by, this statute to the extent inconsistent therewith. Defendant denies each of the remaining allegations in this paragraph.

35. In response to paragraph 35 of the Complaint, Defendant states that California Civil Code § 54.1 speaks for itself, and on that basis denies Plaintiff's allegations as to the content of, and authority provided by, this statute to the extent inconsistent therewith. Defendant denies each of the remaining allegations in this paragraph.

36. In response to paragraph 36 of the Complaint, Defendant states that California Civil Code §§ 54 and 54.1 speak for themselves and on that basis denies Plaintiff's allegations as to the content of, and authority provided by, these statutes to the extent inconsistent therewith. Defendant denies each of the remaining allegations in this paragraph.

37. In response to paragraph 37 of the Complaint, Defendant denies each of the allegations in this paragraph.

38. In response to paragraph 38 of the Complaint, Defendant states that Plaintiff's prayer for relief is not subject to admission or denial, but denies that Plaintiff is entitled to any such relief. Defendant denies each of the remaining allegations in this paragraph.

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd, Eleventh Floor
Los Angeles, California 90024

39. In response to paragraph 39 of the Complaint, Defendant states that Plaintiff's prayer for relief is not subject to admission or denial, but denies that Plaintiff is entitled to any such relief. Defendant denies each of the remaining allegations in this paragraph.

40. In response to paragraph 40 of the Complaint, Defendant responds to the allegations incorporated by reference in this paragraph in the precise manner in which the allegations were responded to in paragraph 1 through 30 above.

41. In response to paragraph 41 of the Complaint, Defendant states that California Civil Code § 51 speaks for itself, and on that basis denies Plaintiff's allegations as to the content of, and authority provided by, this statute to the extent inconsistent therewith. Defendant denies each of the remaining allegations in this paragraph.

42. In response to paragraph 42 of the Complaint, Defendant states that California Civil Code § 51.5 speaks for itself, and on that basis denies Plaintiff's allegations as to the content of, and authority provided by, this statute to the extent inconsistent therewith. Defendant denies each of the remaining allegations in this paragraph.

43. In response to paragraph 43 of the Complaint, Defendant states that California Civil Code § 51 speaks for itself, and on that basis denies Plaintiff's allegations as to the content of, and authority provided by, this statute to the extent inconsistent therewith. Defendant denies each of the remaining allegations in this paragraph.

44. In response to paragraph 44 of the Complaint, Defendant admits that it is a business establishment. Except as expressly admitted above, Defendant denies each of the remaining allegations in this paragraph.

45. In response to paragraph 45 of the Complaint, Defendant denies each of the allegations in this paragraph.

46. In response to paragraph 46 of the Complaint, Defendant states that

1  Plaintiff's prayer for relief is not subject to admission or denial, but denies that
2  Plaintiff is entitled to any such relief. Defendant denies each of the remaining
3  allegations in this paragraph.

4      47.    In response to paragraph 47 of the Complaint, Defendant states that
5  Plaintiff's prayer for relief is not subject to admission or denial, but denies that
6  Plaintiff is entitled to any such relief. Defendant denies each of the remaining
7  allegations in this paragraph.

8      48.    In response to paragraph 48 of the Complaint, Defendant responds to
9  the allegations incorporated by reference in this paragraph in the precise manner in
10 which the allegations were responded to in paragraph 1 through 13 above.

11     49.    In response to paragraph 49 of the Complaint, Defendant states that
12 Health and Safety Code § 19955 speaks for itself, and on that basis denies Plaintiff's
13 allegations as to the content of, and authority provided by, this statute to the extent
14 inconsistent therewith. Defendant denies each of the remaining allegations in this
15 paragraph.

16     50.    In response to paragraph 50 of the Complaint, Defendant states that
17 Health and Safety Code § 19959 speaks for itself, and on that basis denies Plaintiff's
18 allegations as to the content of, and authority provided by, this statute to the extent
19 inconsistent therewith. Defendant denies each of the remaining allegations in this
20 paragraph.

21     51.    In response to paragraph 51 of the Complaint, Defendant admits that
22 portions of the Store are a public accommodation. Except as expressly admitted
23 above, Defendant denies each of the remaining allegations in this paragraph.

24     52.    In response to paragraph 52 of the Complaint, Defendant states that
25 Plaintiff's prayer for relief is not subject to admission or denial, but denies that
26 Plaintiff is entitled to any such relief. Defendant denies each of the remaining
27 allegations in this paragraph.

28     53.    In response to the unnumbered paragraph following paragraph 52 of the

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd, Eleventh Floor
Los Angeles, California 90024

Complaint, Defendant states that Plaintiff's prayer for relief is not subject to admission or denial, but denies that Plaintiff is entitled to any such relief. Defendant denies each of the remaining allegations in this paragraph.

## SEPARATE AND ADDITIONAL DEFENSES

Without admitting any of the allegations in the Complaint, Defendant alleges each of the following as separate and additional defenses, expressly reserving all of their rights to allege additional defenses, and/or to seek leave of Court to amend to allege additional defenses, when and if facts supporting such defenses become known to them:

## FIRST SEPARATE AND ADDITIONAL DEFENSE
(Acts of Third Parties)

1. The Complaint, and each purported claim for relief alleged in the Complaint, is barred in whole or in part because Plaintiff's injury or injuries, if any, was/were caused by third parties acting outside the scope of agency, employment or control of Defendant.

## SECOND SEPARATE AND ADDITIONAL DEFENSE
(Failure to Join Necessary Parties)

2. Plaintiff is not entitled to the injunctive relief sought against Defendant as she has failed to join necessary parties to the action to effect such relief.

## THIRD SEPARATE AND ADDITIONAL DEFENSE
(Unnecessary and/or Unreasonable Modification)

3. Plaintiff's claims are barred on the ground and to the extent that Plaintiff's requested modifications are not necessary and/or reasonable.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE
(Not Readily Achievable)

4. Plaintiff's claims are barred on the ground and to the extent that removal of the alleged barrier to access is not readily achievable.

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd, Eleventh Floor
Los Angeles, California 90024

## FIFTH SEPARATE AND ADDITIONAL DEFENSE
(Pre-Code Construction, Modification)

5. Defendant is not obligated to remove the barriers alleged in the Complaint to the extent that the structure at issue was constructed and/or modified before the effective date of any law or regulation prohibiting the existence of any such alleged barrier.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE
(Substantial Compliance)

6. Plaintiff is not entitled to recover on the claim for relief in this action because Defendant has completely or substantially complied with all applicable requirements.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE
(No Intentional Discrimination – Cal. Civ. Code § 51)

7. Plaintiff is not entitled to recover on the claim for relief under the Unruh Civil Rights Act in the Complaint because Defendant has not engaged in any intentional discrimination.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE
(No Injury In Fact)

8. Plaintiff's claims are barred on the ground and to the extent that Plaintiff has suffered no injury in fact with respect to the facts alleged in the Complaint.

## NINTH SEPARATE AND ADDITIONAL DEFENSE
(No Damages – Cal. Civ. Code §§ 52, 54.3(a))

9. Plaintiff is not entitled to recover the damages sought in the Complaint because her admittance to and enjoyment of the facility in question was not denied or interfered with by Defendant or by any other party.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

(No Duplicative Damages – Cal. Civ. Code § 54.3(c))

10. Plaintiff is not entitled to recover damages under both Section 52 and Section 54.3 of the California Civil Code for the same act or failure to act.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

(Moot)

11. Plaintiff's prayer for injunctive relief is moot and/or will be by the time this matter is adjudicated.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

(Justification/Excuse)

12. The Complaint is barred to the extent the alleged violations of law are excused or justified under the statutes under which Plaintiff has sued.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

(Statute of Limitations)

13. The Complaint, and each purported claim for relief alleged in the Complaint, is barred to the extent that it relies on events that occurred before the period captured by the running of the applicable statute of limitations.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

(Unclean Hands)

14. The Complaint, and each purported claim for relief alleged in the Complaint, is barred by the doctrine of unclean hands by reason of Plaintiff's conduct and actions.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

(Estoppel)

15. The Complaint, and each purported claim for relief alleged in the Complaint, fails because Plaintiff is estopped from seeking recovery from Defendants because, among other things, Plaintiff has acted in a manner inconsistent with having enforceable rights as against Defendant.

### SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE
(Waiver)

16. The Complaint, and each purported claim for relief alleged in the Complaint, fails because Plaintiff has waived any right to recovery by taking actions that are inconsistent with the ownership and exercise of the rights claimed in the Complaint.

### SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE
(Failure to Mitigate)

17. Plaintiff is barred from recovering monetary damages to the extent that she failed to mitigate or reasonably attempted to mitigate her damages as required by law.

### EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE
(No Right to Attorneys' Fees – Unreasonably Incurred or Excessive)

18. Plaintiff is not entitled to recover attorneys' fees from Defendant as alleged in the Complaint. In the alternative, to the extent that Plaintiff is entitled to recover attorneys' fees or costs, such fees and costs are barred on the ground and to the extent that they were not reasonably incurred or were incurred at an excessive rate.

### NINTEENTH SEPARATE AND ADDITIONAL DEFENSE
(No Attorneys' Fees – Failure to Satisfy Elements of Statute)

19. Plaintiff is not entitled to recover attorneys' fees for failure to satisfy the necessary elements of prevailing on a claim for attorneys' fees under the statutes alleged.

### TWENTIETH SEPARATE AND ADDITIONAL DEFENSE
(No Standing)

20. Plaintiff it not entitled to the injunctive relief she seeks because she lacks standing to receive such relief.

# **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by reason of her Complaint;

2. That Defendant be awarded judgment in this action and the Complaint be dismissed with prejudice;

3. For reasonable attorneys' fees and costs of suit incurred in this action; and

4. For such other and further relief as the Court may deem just and proper.


Date:   April 28, 2008                    Respectfully submitted,

                                                **EISENBERG RAIZMAN THURSTON & WONG LLP**
David H. Raizman
Elena S. Min


By: /s/ Elena S. Min
      Elena S. Min

Attorneys for Defendant
Sears, Roebuck and Co.